CRAIG *v.* INSURANCE CO. OF THE STATE OF PENNSYLVANIA.

VENDOR AND PURCHASER—INSURANCE—EQUITY—FRAUD.

Where, in pursuance of a written contract for the sale of land, the vendee procured insurance payable as the interest of the vendor might appear, but after the expiration of the policy procured another in his own name which, after the loss, he assigned to a third party, equity will enforce the agreement by declaring the proceeds of the insurance a trust fund and applying the same upon the land contract in payment of the balance due the vendor.

Appeal from Wayne; Rohnert, J. Submitted June 20, 1910. (Docket No. 113.) Decided September 27, 1910.

Bill by John Craig against the Insurance Company of the State of Pennsylvania, impleaded with Rose C. Delisle

and Henry Lezotte to reform a policy of insurance, and
to establish a trust.  From a decree for complainant, de-
fendants Delisle and Lezotte appeal.  Affirmed.

*Lucking, Emmons & Helfman,* for complainant.

*May & Dingeman,* for defendants.

The trial court, in its decree, made the following find-
ings:

The court finds that, under the contract for the sale of
real estate, by the complainant to the defendant, Henry
Lezotte, the said Lezotte agreed to insure the buildings
against loss by fire, in an amount approved by complain-
ant, and to assign the policies to complainant; that said
Lezotte did not so insure the premises; but that he did on
August 3, 1908, take out insurance thereon, but made the
same payable to himself, without any provision, as re-
quired by said contract, for the protection of complainant;
that complainant trusted Lezotte to procure the insurance
in accordance with the contract, and had no notice or
knowledge that he had not done so until after the loss;
that on September 14, 1908, said property was damaged
by fire; that the loss thereon was subsequently adjusted
as a total loss; that after such loss defendant Lezotte
attempted to assign the proceeds of said insurance and
other insurance to his sister, the defendant Rose C. De-
lisle, who had full notice and knowledge of complainant's
rights; that said assignment is void and of no effect as
against the complainant; that said Rose Delisle brought
suit on the law side of this court against the defendant
the Insurance Company of the State of Pennsylvania on
November 18, 1908, and on February 8, 1909, took judg-
ment thereon without contest or trial; that thereafter,
upon order of this court, the proceeds of said policy, to
wit, $1,150, were paid into the registry of this court to be
held pending the determination of this case; that, by rea-
son of the failure of said Lezotte to have the proper clause,
rider, or provisions attached to the said policy to protect

said complainant, the said Lezotte committed a fraud upon complainant and became a trustee as to any funds derived from said insurance; that the insurance moneys so paid into this court constitute a trust fund which should be devoted to the payment of the amount due to the complainant under the said contract upon the deposit by complainant with the said register of a conveyance of said land.

HOOKER, J. Complainant sold certain premises to Lezotte upon land contract; his claim being secured by an insurance policy to Lezotte with a provision that the loss, if any, should be paid to him as his interest might appear. When the time for it to expire arrived, Lezotte took a policy in another company; the provision for complainant's indemnity being omitted. Soon after this, the building upon the premises burned, and Delisle, to whom the policy had been assigned, sued the company which issued the policy and obtained a judgment for the amount of the policy. Thereupon the bill was filed in this case praying a reformation of the policy, and the application of the amount due on the policy to the payment of complainant's claim and the bill as amended asks that it be treated as a trust fund. The defendants Delisle and Lezotte have appealed from a decree in favor of the complainant.

We see no occasion for a lengthy review of the testimony in this case. As to the question of fact, we are convinced of the truth and justice of the complainant's claim. The decree rendered upon such conclusion by the learned circuit judge is fully justified by the cases of *Miller* v. *Aldrich,* 31 Mich. 408; *Balen* v. *Insurance Co.,* 67 Mich. 179 ( 34 N. W. 654 ); *American Ice Co.* v. *Trust Co.,* 188 U. S. 626 (23 Sup. Ct. 432), cited by counsel.

The decree is affirmed, with costs against appellants, and a charge against the fund.

BIRD, C. J., and OSTRANDER, BLAIR, and STONE, JJ., concurred.