SPINNER *v.* CONCORDIA MUTUAL FIRE INSURANCE CO.

1. Insurance—Increased Hazard—Directed Verdict.
   Where dances were held in barn at least once a week, smoking was permitted, and stoves were set up and used, fire hazard was increased as matter of law.

2. Same—Landlord and Tenant—Notice of Increased Hazard.
   Where insured knew that his tenant was holding dances in barn, and, under lease, it was within insured's power to control, if he saw fit, he was chargeable with knowledge of tenant's acts increasing fire hazard, rendering policy void under provision that it would be void if hazard was increased by any means within knowledge or control of insured.
   McDonald, C. J., and Clark and Potter, JJ., dissenting.

Appeal from Bay; Houghton (Samuel G.), J. Submitted June 14, 1933. (Docket No. 50, Calendar No. 37,252.) Decided August 29, 1933.

Action by Scyreal A. Spinner against Concordia Mutual Fire Insurance Company on a policy of fire insurance. Judgment *non obstante veredicto* for defendant. Plaintiff appeals. Affirmed.

*A. H. McMillan,* for plaintiff.

*Gilbert W. Hand* and *Harold J. Hand,* for defendant.

Clark, J. (*dissenting*). On plaintiff's appeal from judgment notwithstanding the verdict, we notice chiefly one of the several defenses presented, namely, that the policy of fire insurance sued upon was made void by increase of hazard.

The building insured was a barn. The contract provided in part:

"This company will not insure against or be responsible for property destroyed by fire caused by the use of stoves or other fire apparatus in barns or any other outbuildings * * * nor for loss occasioned by permitting smoking or the use of open lights in or about barns or other places liable to take fire. * * *

"This entire policy shall be void if the hazard be increased by any means within the control or knowledge of·the insured."

Barn dances were held. Patrons smoked cigarettes in the barn. A wood burning stove was installed and used. An oil stove for cooking red hots was set up and operated. Gasoline lanterns were used. There were cracks in the barn floor and in the basement below the floor which was used as a barn were chaff and other accumulations common to barns. The fire started below the floor and during a dance.

The trial judge held increase of hazard under the policy and hence breach of the contract established as a matter of law.

The general provision last above quoted cannot be held as destroying the special provisions first above quoted. These special provisions deal with stoves or other fire apparatus, smoking, and the use of lights, and a breach of these conditions, or any of them, to be a defense, must be shown to have caused the fire, as provided by the contract. It was not shown what caused the fire. The remaining feature to come under the general provisions against increase of hazard is that dances were held in the barn. This alone, the said special matters being eliminated, is not sufficient to support the finding of increase of hazard as a matter of law.

The fact that plaintiff's building was used by a tenant does not render the ownership of plaintiff other than unconditional as required by the policy. 26 C. J. p. 182. The building was a barn and was largely used as such despite the fact that barn dances were held in it occasionally, and was within the risks defendant might insure under its charter.

Fraud in procuring the insurance is suggested, but this, if an issue, is one of fact and does not sustain judgment *non obstante veredicto*. No other question is presented by assignment of error.

Judgment should be reversed, with costs, and remanded for judgment on the verdict.

McDonald, C. J., and Potter, J., concurred with Clark, J.

North, J. Appellant's first question submitted for review is as follows:

"Where public dances are held once a week in a farm barn at which cigarettes and cigars are sold and smoked on the premises, was it a question for the jury, whether or not the fire hazard was increased under the terms of a policy which provides that it shall be void if the hazard be increased by any means within the control or knowledge of the insured?"

Appellant asserts that a question of fact is presented. Appellant's statement of facts contains the following:

"At the time of the fire there was a dance being held in the barn attended by a company of persons, some of whom were smoking. * * * Dances had been held in the barn other Saturday nights quite regularly. When cold weather set in a stove was installed. There was a hot dog stand with an oil

stove and a cigar stand where cigars and cigarettes were sold. A false ceiling (of building paper) was put in the barn and it was lighted with gas lamps.''

In the face of these and other undisputed facts a finding by a jury that the fire hazard had not been increased would necessarily be set aside as contravening the testimony. The trial judge was right in holding as a matter of law that plaintiff's tenant had increased the fire hazard. Plaintiff admits that he knew his tenant was conducting dances in the barn as early as August 1, 1930. Such dances held nearly every Saturday night were attended by a large number of people. They continued until the night of the fire December 8, 1930. Plaintiff's lease to Bovier expressly provided that in no case were the premises ''to be used for any business deemed extra hazardous on account of fire.'' Clearly the extra hazardous condition brought about by plaintiff's tenant was not only within plaintiff's knowledge but it was a matter under his control if he saw fit to act. Under the record here presented plaintiff was responsible for and chargeable with knowledge of his tenant's acts which increased the fire hazard.

The judgment is affirmed, with costs to appellee.

SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred with NORTH, J.