COLE v MICHIGAN MUTUAL INSURANCE COMPANY

Docket No. 55163. Submitted March 4, 1982, at Detroit.—Decided May 4, 1982.

Jake and Jean Cole sold by land contract a house to their daughter, Beverly Cox. The house was insured under a homeowner's insurance policy, which contained standard form fire insurance protection, issued by Michigan Mutual Insurance Company. A fire partially destroyed the house. At the time of the fire, the land contract was in default, a judgment of default had been obtained, the house had been unoccupied for six weeks and the house had been vandalized. The Coles and Cox brought an action in Oakland Circuit Court against the insurer. Following a bench trial before Frederick C. Ziem, J., at which the testimony showed that both Cox and Jake Cole knew of the condition of the building, that Cox did not intend to abandon the property and that Cox had undertaken to secure the premises and clean up the debris left by the vandals, a judgment in favor of plaintiffs was entered. Defendant appeals. Plaintiffs cross-appeal. *Held:*

1. The trial court properly refused to deny liability on the basis of an increase in hazard, the evidence of the efforts to clean up the premises and to remove combustible debris supporting the trial court's ruling that there was no increase in hazard.

2. The Coles, as land contract vendors, are in the same position and have the same status as a mortgagee under the mortgage clause of the policy. Accordingly, that clause created an independent contract between defendant and the Coles such that the Coles's rights under the policy are not subject to forfeiture because of any act or omission by Cox.

3. The trial court correctly ruled that the policy did not

REFERENCES FOR POINTS IN HEADNOTES

[1] 43 Am Jur 2d, Insurance § 929.
   44 Am Jur 2d, Insurance § 2067.
[2] 44 Am Jur 2d, Insurance § 1652.
[3] 43 Am Jur 2d, Insurance §§ 768, 769.

obligate defendant to repair or replace the dwelling after the fire.

Affirmed.

1. INSURANCE — FIRE INSURANCE — INCREASED HAZARD.

The question of whether an insured has increased a risk or loss so as to preclude the insured's claim under a standard form fire insurance policy is normally a question of fact; however, where the evidence clearly establishes an increase in hazard, a trial court may find, as a matter of law, that the hazard was increased (MCL 500.2832; MSA 24.12832).

2. INSURANCE — FIRE INSURANCE — VENDOR AND PURCHASER.

A land contract vendor is in the same position and has the same status as a mortgagee under a standard mortgage clause in a fire insurance policy.

3. INSURANCE — FIRE INSURANCE — VENDOR AND PURCHASER.

A standard mortgage clause in a fire insurance policy creates an independent contract between the mortgagee and the insurer such that the mortgagee's rights under the policy are not subject to forfeiture because of any act or omission of the mortgagor.

*Parenti, Treinen, Hohauser, Greenlees & Bunting, P.C.,* for plaintiffs.

*Bacalis & Associates* (by *Jesse R. Bacalis* and *John D. Honeyman),* for defendant.

Before: R. M. MAHER, P.J., and BEASLEY and P. J. MARUTIAK,* JJ.

P. J. MARUTIAK, J. Following a bench trial, the trial judge awarded plaintiffs $11,747.50 in damages for breach of an insurance contract. Defendant appeals by right. Plaintiffs have cross-appealed regarding the amount of the damages awarded.

On October 30, 1978, fire partially destroyed a run-down home in northern Oakland County.

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff Beverly Cox held the vendee's interest in a land contract in which plaintiffs Jake and Jean Cole, Beverly's parents, were the vendors. At the time of the fire the land contract was in default and Jake Cole had obtained a judgment of forfeiture in September, 1978. The house was not occupied and both Beverly Cox and Mr. Cole knew that the building had been vandalized. The condition of the building was not reported to the police or the defendant.

The insurance policy contained the standard form fire insurance provisions set forth in MCL 500.2832; MSA 24.12832, providing in part:

"Conditions suspending or restricting insurance. Unless otherwise provided in writing added hereto this Company shall not be liable for loss occurring

"(a) while the hazard is increased by any means within the control or knowledge of the insured,"

The "Home Owners" section of the policy states in pertinent part as follows:

"Permission Granted:

\*    \*    \*

"b. for the premises to be vacant or unoccupied without limit of time, except as otherwise provided in this policy for certain specified perils; however, a building in the course of construction shall not be deemed vacant".

Ms. Cox testified that at the time of the fire she was living elsewhere and that she did not intend to abandon the property but that she would have moved back into the house had it not been destroyed by fire. Moreover, Ms. Cox testified at length concerning her efforts to secure the premises prior to her moving out of the home. The

home had been unoccupied for approximately six weeks prior to the fire.

Defendant urges us to find error in the trial court's ruling that it could not deny liability on the basis of an increase in hazard.

The standard form insurance provision contained in the policy at issue has been ruled enforceable by our Supreme Court in at least two cases. *Freed's, Inc v American Home Fire Assurance Co,* 305 Mich 89; 8 NW2d 923 (1943), *Spinner v Concordia Mutual Fire Ins Co,* 264 Mich 388; 249 NW 886 (1933). Ordinarily, the question of whether the insured has increased a risk or loss so as to preclude the insured from claiming under the policy is a question of fact. However, where evidence clearly establishes an increase in hazard, the trial court may find, as a matter of law, that the hazard was increased. *Spinner, supra, Freed's, supra.* Here, the evidence established that Ms. Cox locked and boarded the house when she moved out. After she became aware that the property had been vandalized, she continued to check on the property and to remove debris and mattresses left by the trespassers and vandals. Because she made an effort to clean up the vacant house and to remove combustible debris we find that the trial court did not commit clear error in ruling that there was no increase in hazard.

The insurance policy included a mortgage clause which provides, in part, as follows:

"Loss, if any, under this policy, shall be payable to the mortgagee (or trustee), named on the first page of this policy, *as interest may appear,* under all present or future mortgages upon the property herein described in which the aforesaid may have an interest as mortgagee (or trustee), in order of precedence of said mortgagee, and this insurance as to the interest of the mortgagee

(or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy; provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same." (Emphasis added.)

We agree with the trial judge that the Coles, as land contract vendors, are in the same position and have the same status as a mortgagee under the policy provisions. A standard mortgage clause, such as the one contained in the insurance policy at issue, creates an independent contract between the mortgagee and the insurer so that the mortgagee's rights under the policy are not subject to forfeiture because of any act or omission of the mortgagor. *Citizens State Bank of Clare v State Mutual Rodded Fire Ins Co of Michigan,* 276 Mich 62, 67; 267 NW 785 (1936), *Vormelker v Oleksinski,* 40 Mich App 618, 624; 199 NW2d 287 (1972).

Defendant relies on our opinion in *Root v Republic Ins Co,* 82 Mich App 446; 266 NW2d 842 (1978), for the proposition that a vendor in the Coles's position cannot claim the status of a mortgagee under the insurance policy in force at the time of the fire. Defendant argues that, since there was no contract of sale clause in the insurance policy issued to Beverly Cox, the Coles cannot be treated as mortgagees but must be considered an additional insured on the policy, subject to all the defenses under the policy. We disagree.

While it is true that Mr. and Mrs. Cole are listed as additional insureds under the section entitled "Form and Endorsements Made Part of

This Policy", their interest is clearly labeled as title holder to the property and their names are listed along with the notation "HO-41(10-68)", referring to an endorsement attached to the policy entitled "additional insured-designated premises only". We find that this declaration on the frist page of the policy satisfies the requirement that the name of the mortgagee or trustee be inserted in the declaration so as to allow the Coles to qualify the same as mortgagees. This Court's opinion in *Vormelker, supra,* is consistent with the finding of the trial judge and we affirm.

Our finding on the prior two issues raised by the defense precludes further discussion of the waiver issue raised in the trial court.

Concerning plaintiffs' cross-appeal, we believe that the trial court's ruling was correct and therefore not clearly erroneous. We find no provisions in the policy requiring that the insurer repair or replace the dwelling after the fire. Moreover, plaintiffs are incorrect in arguing that defendant had a duty to repair or replace the house and that it is therefore liable for its failure to do so.

Affirmed.