COTTRELL v CLARK

Docket No. 62754. Submitted February 8, 1983, at Detroit.—Decided June 6, 1983.

Mabel L. Cottrell and her husband sold a home to Harold B. and Margaret Clark. The Clarks executed a mortgage in favor of Mount Clemens Savings Bank and a second mortgage in favor of the Cottrells which required the Clarks to insure the property for the benefit of the Cottrells. The Clarks obtained an insurance policy from Citizens Mutual Insurance Company which listed the bank as a mortgagee but the Clarks were not listed as second mortgagees. When the Clarks defaulted Mabel Cottrell foreclosed on the property and purchased the property at the foreclosure sale. During the redemption period the house was damaged by a fire. Mabel Cottrell brought an action against the Clarks, the bank and the insurer seeking the proceeds from the insurance policy. The Clarks brought a separate action against the insurer, also seeking the insurance proceeds. The parties agreed that the bank had priority and the court allowed the insurer to pay the bank its interest and its mortgage was discharged. The Clarks' action was tried, and a verdict returned against Harold Clark, apparently because he was found to have started the fire, but in favor of Margaret Clark. Thereafter, in this case, the Macomb Circuit Court, Raymond R. Cashen, J., imposed an equitable lien in favor of Mabel Cottrell on the insurance proceeds remaining after the payment to the bank. Citizens Mutual appeals. *Held:*

Although the insurance policy contained a clause under which the rights of a mortgagee are not subject to forfeiture because of any act of the mortgagor and the mortgagee is thus not subject to defenses available to the insurer against the mortgagor, the policy also provided that the mortgage clause is void unless the name of the mortgagee is listed in the policy. The Cottrells were not listed and were therefore not entitled to coverage without regard to defenses available to the insurer. An equitable lien may be imposed only on proceeds actually

REFERENCES FOR POINTS IN HEADNOTE

51 Am Jur 2d, Liens § 30.

55 Am Jur 2d, Mortgages §§ 277 *et seq.*, 1107.

due and payable to the mortgagor, and the unlisted mortgagee is subject to any defenses the insurer has against the mortgagor. The trial court erred in imposing the equitable lien in favor of Mabel Cottrell.

Vacated and remanded for further proceedings.

INSURANCE — MORTGAGES — EQUITABLE LIENS.

Benefits payable to a mortgagor under a fire insurance policy may be subject to an equitable lien in favor of the mortgagee where the mortgagor is contractually bound to obtain fire insurance for the benefit of the mortgagee but fails to list the mortgagee on the policy; such an equitable lien may be imposed only on the proceeds actually due and payable to the mortgagor, however, and the unlisted mortgagee is subject to any defenses which the insurer may assert against the mortgagor.

*John J. Grech & Associates, P.C.* (by *Thomas W. McDonell*), for plaintiff.

*Denenberg, Tuffley, Thorpe, Bocan & Patrick* (by *Ronald P. Sandler*), for Citizens Mutual Insurance Company.

Before: WAHLS, P.J., and M. J. KELLY and M. WARSHAWSKY,* JJ.

M. J. KELLY, J. Following submission of stipulated facts and briefs, the trial court ordered Citizens Mutual Insurance Company to pay plaintiff $24,006.86, an amount representing proceeds from a homeowners insurance policy, together with interest and costs. Citizens Mutual appeals as of right.

I

On September 14, 1964, Mabel Cottrell and her husband sold a residential home to Margaret and Harold Clark. The Clarks executed a mortgage in favor of Mount Clemens Savings Bank as security

* Circuit judge, sitting on the Court of Appeals by assignment.

for a $20,000 loan. The Clarks executed a second mortgage in favor of the Cottrells as security for a $7,000 loan. The mortgage agreement between the Clarks and the Cottrells required the Clarks to insure the property for the Cottrells' benefit. The Clarks obtained a $41,600 homeowners insurance policy from Citizens Mutual. Although the Clarks did list Mount Clemens Savings Bank as a mortgagee on the policy, the Clarks did not list the Cottrells as second mortgagees.

Due to the failure of the Clarks to keep up payments to the Cottrells on the loan, Mabel Cottrell initiated foreclosure proceedings and, subsequently, in March, 1975, she purchased the property at the foreclosure sale for $11,009.57, an amount equal to the balance due on the principal of the loan plus interest. During the redemption period, a fire caused substantial damage to the house. The period of redemption expired without the Clarks redeeming the property.

Mabel Cottrell then commenced suit against the Clarks, Mount Clemens Savings Bank, and Citizens Mutual Insurance Company, seeking the proceeds from the homeowners insurance policy which Citizens Mutual had issued to cover the house. An injunction was issued restraining Citizens Mutual from paying out any part of the insurance policy proceeds to any of the defendants until further order of the court.

At about the same time, the Clarks initiated an independent action against Citizens Mutual, seeking the proceeds from the insurance policy. Citizens Mutual then moved in the instant case for consolidation of this case with the Clarks' independent action. On September 21, 1977, the consolidation motion was denied.

On March 16, 1978, all parties stipulated that

Mount Clemens Savings Bank, as first mortgagee, had priority to the insurance policy proceeds for satisfaction of the debt owed to it by the Clarks. Accordingly, the court's injunction was partially dissolved in order to allow Citizens Mutual to pay $11,934.64 to Mount Clemens Savings Bank and for the bank, in turn, to execute a discharge of the first mortgage.

The Clarks' independent action against Citizens Mutual proceeded to trial. There, a jury returned a verdict of no cause of action on Harold Clark's claim, apparently finding that he had intentionally set the fire which caused the damage. However, the jury returned a verdict in favor of Margaret Clark.[1] On December 22, 1980, pursuant to the jury's verdict, a judgment in favor of Margaret Clark was entered against Citizens Mutual for $11,580, together with $3,189.39 interest through December 1, 1980, and costs of $90. For reasons not apparent from the record or briefs before us, the recovery of Margaret Clark was ordered to be subject to a lien in favor of Midwest Fire Adjusters of $1,158. Apparently, the judgment in favor of Margaret Clark was not satisfied as a result of the injunction issued in the instant case.

On January 2, 1981, the court in the instant case imposed an equitable lien in favor of Mabel Cottrell on the insurance proceeds which remained following Citizens Mutual's payment to Mount Clemens Savings Bank. Following denial of motions for rehearing, judgment was entered on February 8, 1982. The court determined that Mabel Cottrell was entitled to recover the amount of the

---

[1] Since both Harold Clark and Margaret Clark were named as insureds on the policy, the verdict of no cause of action against Harold Clark and the verdict in favor of Margaret Clark are reconcilable under *Morgan v Cincinnati Ins Co,* 411 Mich 267; 307 NW2d 53 (1981).

stipulated damages to the premises, $28,000, less the amount previously paid to Mount Clemens Savings Bank, $11,934.64. Plaintiff was therefore awarded $16,065.36, together with interest from November 15, 1976, through January 26, 1982, of $7,841.50, and costs of $100, for a total of $24,006.86.

## II

The trial court erred in imposing an equitable lien on the remaining fire insurance policy proceeds. The policy contained a standard mortgage clause designed to create an independent contract between the named mortgagees and the insurer so that the rights of any mortgagee under the policy would not be subject to forfeiture because of any act or omission of the mortgagor. See *Cole v Michigan Mutual Ins Co,* 116 Mich App 51; 321 NW2d 839 (1982). Under this type of clause, a mortgagee is not subject to defenses available to the insurer against the mortgagor. See *Citizens State Bank of Clare v State Mutual Rodded Fire Ins Co of Michigan,* 276 Mich 62, 67; 267 NW 785 (1936). The instant policy specifically provides, however, that the mortgage clause is void unless the name of the mortgagee is listed on the policy declarations. Only Mount Clemens Savings Bank was listed as a mortgagee in the policy declarations. Since the Cottrells were not listed as mortgagees, they had no independent contract with Citizens Mutual under the policy and, therefore, they were not entitled to coverage under the policy without regard to defenses available to the insurer against the mortgagors.

When a mortgagor is contractually bound to obtain fire insurance for the benefit of a mortgagee, but fails to list the mortgagee on the policy,

benefits payable to the mortgagor under the policy may be subject to a equitable lien in favor of the mortgagee. *Wheeler v Factors' & Traders' Ins Co,* 101 US 439; 25 L Ed 1055 (1880); *cf. Craig v Ins Co of Pennsylvania,* 162 Mich 657; 127 NW 757 (1910) (same result in favor of a land contract vendor as to fire insurance proceeds payable to the land contract vendee). Such equitable liens, however, have been imposed only on the proceeds actually due and payable to the mortgagor. A lien may not be imposed on funds not otherwise payable to the mortgagor. An unlisted mortgagee remains subject to defenses which the insurer may assert against the mortgagor.

The judgment of $24,006.86 in favor of plaintiff is vacated. The case is remanded for further proceedings consistent with this opinion.

Vacated and remanded.