LEWIS v HOMEOWNERS INSURANCE COMPANY

Docket No. 96472. Submitted June 28, 1988, at Detroit. Decided October 18, 1988.

A dwelling owned by Deborah Lewis and Donald Szalay as tenants by the entirety and insured under a homeowner's policy issued by Homeowners Insurance Company sustained damage in a fire intentionally set by Szalay. In settlement of a claim filed by Lewis under the policy, she received one hundred percent of the amount of personal property loss and fifty percent of the real property loss. Following divorce proceedings in which Lewis and Szalay were each awarded a half interest in the dwelling, Lewis brought an action in Oakland Circuit Court against Homeowners Insurance Company and its parent, Auto-Owners Insurance Company. Lewis, among other claims, sought the payment of the full amount of real property loss. The trial court, Francis X. O'Brien, J., granted partial summary disposition in favor of plaintiff, ruling that she was entitled to the full amount of real property loss. Defendants appealed.

The Court of Appeals *held:*

An innocent coinsured spouse, who owns property as a tenant by the entirety, may recover one-half the amount of property damage not exceeding the policy limits when damage is caused by a fire deliberately set by the other coinsured spouse.

Reversed.

INSURANCE — HOMEOWNER'S INSURANCE — DAMAGE CAUSED BY IN-
SURED — TENANCY BY THE ENTIRETY — RECOVERY BY INNOCENT
INSURED.

An innocent spouse, who as a tenant by the entirety owns real property insured under a homeowner's policy, may recover one half the amount of property damage not exceeding the policy limits where damage is caused by a fire deliberately set by the other coinsured spouse.

REFERENCES

Am Jur 2d, Insurance § 493.

Right of innocent insured to recover under fire policy covering property intentionally burned by another insured. 11 ALR4th 1228.

*Butzel, Long, Gust, Klein & Van Zile* (by *Eric J. Flessland*), for plaintiff.

*Denenberg, Tuffley, Bocan, Jamieson, Black, Hopkins & Ewald* (by *David R. Tuffley*), for defendants.

Before: KELLY, P.J., and MAHER and M. WAR-SHAWSKY,* JJ.

PER CURIAM. Defendants appeal as of right from the opinion and order of the Oakland Circuit Court which held that plaintiff was entitled to the full value of a home which defendants insured and which had been burned down by plaintiff's estranged husband (now ex-husband). We reverse.

The home in question was owned by plaintiff and Donald Szalay as tenants by the entirety and was insured by defendant Homeowners Insurance Company, a subsidiary of defendant Auto-Owners Insurance Company. Although they were married at the time of the fire (February 11, 1984), plaintiff and Szalay were legally separated and were in the process of obtaining a divorce. The house was vacant, as plaintiff was residing with her brother and Szalay was living with his parents. Szalay apparently set the fire intentionally, causing extensive damage to both the home and the personal property therein.

The parties stipulated that total damage to the real property was $21,221.60 and that total damage to the personal property belonging to plaintiff and her son was $16,779.10. Pursuant to a compromise settlement, defendants paid plaintiff fifty percent of the real property loss plus one hundred percent of the personal property loss. The compromise settlement acknowledged plaintiff's right to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

file a supplemental claim for the remainder of the real property loss (i.e., $10,610.53), subject to any policy defenses.

On July 19, 1985, a judgment of divorce was granted to plaintiff upon Szalay's default. The judgment provided that any proceeds from the sale of the home, less closing costs, would be divided equally. The judgment also provided that each party shall be awarded, free from claims of the other, the net proceeds received as a result of their respective efforts to collect on the fire loss.

Plaintiff commenced this suit in the Oakland Circuit Court on January 24, 1986. A later, first amended complaint alleged wrongful retention of insurance proceeds (count I), breach of the insurance contract (count II), and two other claims which are not pertinent to this appeal. Thereafter, plaintiff moved for partial summary disposition under MCR 2.116(C)(9) and (10) as to counts I and II. A hearing on the motion was held on October 15, 1986, at the conclusion of which plaintiff was granted partial summary disposition and awarded the whole of the insurance proceeds for the property damage to the home. An order to that effect was entered on October 17, 1986.

The sole issue raised in this appeal is a legal one: whether an innocent coinsured spouse, who holds property as a tenant by the entirety, may recover insurance proceeds of more than one-half the amount of property damage, but not exceeding policy limits, caused by the wrongful acts of the other coinsured spouse.[1] That question seems to be an issue of first impression in this state.

---

[1] Defendants do not claim that plaintiff is precluded from *any* recovery because the property was owned as a tenancy by the entirety. They recognize that our Supreme Court's decision in *Morgan v Cincinnati Ins Co,* 411 Mich 267; 307 NW2d 53 (1981), will allow an innocent spouse, in such cases, to recover for property damage caused by the other spouse. See *Cottrell v Clark,* 126 Mich App 276, 279, n 1; 337 NW2d 58 (1983). Unfortunately, *Morgan* did not decide whether

The vast majority of jurisdictions which have addressed this issue, and which have allowed any recovery at all,[2] have held that the innocent spouse may only recover one-half of the insurance proceeds, up to the policy limits. See, e.g., *Nationwide Mut Fire Ins Co v Pittman,* 82 NC App 756; 348 SE2d 350 (1986); *Maravich v Aetna Life & Casualty Co,* 350 Pa Super 392; 504 A2d 896 (1986); *Republic Ins Co v Jernigan,* 719 P2d 331, 334 (Colo App, 1985); *Krupp v Aetna Life & Casualty Co,* 103 AD2d 252; 479 NYS2d 992 (1984); *Fuston v Nat'l Mut Ins Co,* 440 NE2d 751 (Ind App, 1982); *Commercial Union Ins Co v State Farm Fire & Casualty Co,* 546 F Supp 543 (D Colo, 1982); *St Paul Fire & Marine Ins Co v Molloy,* 291 Md 139; 433 A2d 1135 (1981); *Lovell v Rowan Mut Fire Ins Co,* 302 NC 150; 274 SE2d 170 (1981); *Economy Fire & Casualty Co v Warren,* 71 Ill App 3d 625; 28 Ill Dec 194; 390 NE2d 361 (1979); *Winter v Aetna Casualty & Surety Co,* 96 Misc 2d

the amount of the innocent spouse's recovery should be limited to one-half of the damages—the question presented herein.

[2] Many states apparently adhere to the position that no recovery can be had because the husband and wife hold the property as "one" —the acts of one spouse are therefore imputed to the other. See discussion in *Maravich v Aetna Life & Casualty Co,* 350 Pa Super 392; 504 A2d 896 (1986). Those states which allow recovery have done so under alternate legal theories. Some states hold that the innocent spouse's interest is in the insurance proceeds (i.e., personalty) not the real estate. Since personal property cannot usually be held by the entirety, the spouse is held to have a divisible interest therein as a tenant in common. See, e.g., *Lovell v Rowan Mut Fire Ins Co,* 302 NC 150; 274 SE2d 170 (1981). Other states construe the insurance contract as creating separate and divisible rights in each named insured. See, e.g., *St Paul Fire & Marine Ins Co v Molloy,* 291 Md 139; 433 A2d 1135 (1981). And yet other states, applying principles of equity and public policy, have held that the guilty spouse's fraud is several and separate and, therefore, the innocent spouse may recover regardless of the joint or severable nature of their interests in the insured property. See, e.g., *Howell v The Ohio Casualty Ins Co,* 130 NJ Super 350; 327 A2d 240 (1974). We need not decide which theory or theories is the better reasoned since the Supreme Court in *Morgan, supra,* has already ruled that some recovery is allowed and since we find the same result is reached under all theories.

497; 409 NYS2d 85 (1978); *Steigler v Ins Co of North America,* 384 A2d 398 (Del, 1978). See also *Delph v Potomac Ins Co,* 95 NM 257; 620 P2d 1282 (1980) (community property state). See, generally, Anno., *Right of innocent insured to recover under fire policy covering property intentionally burned by another insured,* 11 ALR4th 1228.

Unfortunately, most of the above-cited cases, while adequately explaining why an innocent coinsured should not be precluded from any recovery, have been deficient in explaining why the recovery should be limited to one-half the property damage (or the amount of the policy, whichever is less). However, in *Molloy, supra,* the Maryland Court of Appeals gave the following explanation, which we find persuasive:

> Since "[w]e have regarded the rights of husband and wife [to be] separate under the contract, . . . both logic and justice require that the amount recoverable be likewise allocated," so that the innocent spouse be compensated for one-half the damages within the limits of the policy. *Steigler, supra,* 384 A2d at 402. Permitting recovery of more would necessitate reliance on the "oneness" legal fiction of marital property which we rejected in determining that the parties here enjoy and assume several, not joint, contractual rights and obligations. Moreover, an award greater than one-half would allow the innocent spouse to recover in excess of that to which she would be entitled upon severance of the tenancy by the entirety, whether by divorce or other action of the parties. [291 Md 153-154.]

In our research, we could find only one case involving tenants by the entirety wherein the plaintiff was adjudged able to recover the whole of

the insurance proceeds.[3] In *American Economy Ins Co v Liggett,* 426 NE2d 136 (Ind App, 1981), the Indiana Court of Appeals for the Third District held that an innocent wife could recover the full value of property damage caused by a fire intentionally set by her husband, who perished in the blaze. We find *Liggett* to be of dubious jurisprudential value, though, since it was limited to the specific facts of the case. Indeed, the Indiana court expressly stated that a different rule may be necessary where the guilty spouse survives the arson: "The law's legitimate concern that a wrongdoer not profit by his wrong is not a factor in this case and there is no reason to deny the innocent plaintiff a full recovery, (a different rule may need to be fashioned where the guilty spouse survives)." 426 NE2d 144. That prediction eventually proved to be true, as answered by the Indiana Court of Appeals for the First District in *Fuston, supra.* In that case, the court allowed an innocent wife to recover one-half of the insurance proceeds where the guilty husband was still living. 440 NE2d 752-753. In finding this result consistent with *Liggett,* the *Fuston* court held:

> If the innocent spouse were denied any recovery, one could visualize situations in which one spouse, the sole owner of a piece of property, might convert the title to tenancy by the entireties thinking himself insured and later suffer a devastating loss

[3] In *Howell, supra,* the plaintiff recovered the full amount of the property damage. However, the defendant apparently paid this voluntarily and not because it was directed to do so by the court. The case of *Hildebrand v Holyoke Mut Fire Ins Co,* 386 A2d 329 (Me, 1978), is cited in *Liggett, supra,* as allowing the wife full recovery. Having reviewed *Hildebrand,* we cannot say that conclusion is correct. Although *Hildebrand* never expressly stated that recovery would be limited to one-half the property damage, there is no indication that full recovery was allowed. In fact, the matter was remanded for further proceedings on the issue of damages.

due to the arson of the other spouse. By permitting the innocent spouse to recover one half, we are attempting to reduce his loss while denying any benefit to the guilty spouse. Furthermore, we are of the opinion that under the rule enunciated in *Liggett,* the trial court could determine on a case by case basis whether the guilty spouse will benefit and take measures to prevent it. [440 NE2d 754.]

For the case at bar, we believe the better rule is that an innocent coinsured spouse, who owns property as a tenant by the entirety, may recover one-half the amount of the property damage (not to exceed the policy limits) caused by a fire deliberately set by the other coinsured spouse. Such a rule, which has been adopted in the vast majority of cases addressing the issue, is consistent with our Supreme Court's holding in *Morgan, supra,* and avoids the disparate application of the "oneness" theory underlying tenancy by the entirety (i.e., denouncing the theory so as to preclude insurers from avoiding all liability but resurrecting it to allow full recovery to the innocent insured). Here, the trial judge erred in permitting plaintiff to recover the whole value of the property damage. Her recovery should have been limited to one-half the insurance proceeds.

Reversed.