BROWN v FRANKENMUTH MUTUAL INSURANCE COMPANY

MANISTEE BANK & TRUST COMPANY v FRANKENMUTH
MUTUAL INSURANCE COMPANY

Docket Nos. 107934, 107935. Submitted November 6, 1990, at Grand
Rapids. Decided February 5, 1991, at 9:20 A.M.

Following the destruction of the business of Henry W. and Gloria
M. Brown, doing business as H. W. Brown Sales, Federated
Mutual Insurance Company denied coverage, claiming that its
policy had expired before the fire occurred, and Frankenmuth
Mutual Insurance Company denied coverage, claiming that the
Browns either had intentionally set the fire or at least were
involved in having the fire set. As a result, four actions were
brought in the Manistee Circuit Court involving the above-
named parties, the Manistee Bank and Trust Company, mort-
gagee of the property and loss-payee under the insurance
policies, and Gerald and Noreen Hamilton, land contract hold-
ers and insured mortgagees under the policies. The cases were
consolidated and mediation was ordered. The mediation panel
returned an award in favor of all the plaintiffs and against the
insurers. The Hamiltons, Manistee Bank, and Federated ac-
cepted the award but the Browns and Frankenmuth rejected it.
The Hamiltons thereafter settled their claims and released
their rights to Frankenmuth. Federated also settled and paid
benefits to Henry Brown and Manistee Bank in exchange for a
full release and an acknowledgment that its insurance policy
expired before the date of the fire. The claims of the Browns
and Manistee Bank against Frankenmuth proceeded to trial.
The jury returned a verdict in favor of Gloria Brown and
Manistee Bank, but found that Henry Brown had intentionally
set or had consented to or had knowledge of the setting of the
fire and, pursuant to the court's instructions, reduced the
amount by one-half. The trial court, James M. Batzer, J., ruled
that Frankenmuth was entitled to set off this adjusted award

REFERENCES

Am Jur 2d, Insurance § 493, Mortgages § 276.

Right of innocent insured to recover under fire policy covering
property intentionally burned by another insured. 11 ALR4th
1228.

by one-half of the amount of total damages because it already had paid the Hamiltons under the policy, but denied Frankenmuth's request for a credit for Federated's settlement with Henry Brown. A final judgment was entered in favor of Gloria Brown and Manistee Bank, and a judgment of no cause of action was entered with regard to Henry Brown's claim against Frankenmuth. Gloria Brown and Manistee Bank were awarded attorney fees and costs against Frankenmuth, and Frankenmuth was awarded attorney fees and costs against Henry Brown. Frankenmuth appealed and the Browns and Manistee Bank cross appealed. The appeals were consolidated.

The Court of Appeals *held*:

1. Gloria Brown is entitled to recover for property damage to H. W. Brown Sales under the innocent-coinsured doctrine. Frankenmuth failed to prove that the Browns' business was a partnership. There is no reason to limit the application of the innocent-coinsured doctrine solely to a marital home.

2. The court erred in instructing the jury that, if it found only one of the Browns entitled to recover, the actual damages awarded could not exceed one-half the policy limits. Gloria Brown, being the only innocent spouse, was entitled, under the innocent-coinsured doctrine, to recover one-half of the actual damages up to the amount of the policy limits. Because the jury was not instructed properly, the issue of the damages to the parts and inventory and the general contents is remanded for further proceedings.

3. Frankenmuth is entitled to set off the entire award for the damage to the building against Gloria Brown's recovery as an innocent coinsured spouse. An insurer has the right to set off monies paid to a mortgagee under a standard mortgage loss-payable clause against the recovery of an innocent coinsured spouse.

4. The court did not err in denying Frankenmuth's request to set off against the jury verdict for Gloria Brown the monies paid to Henry Brown by Federated. Frankenmuth did not prove the existence of overlapping coverage.

5. The award of mediation sanctions against Henry Brown and in favor of Frankenmuth must be affirmed. However, because the issue of property damages recoverable by Gloria Brown is remanded, the mediation awards regarding Gloria Brown and Manistee Bank, whose right to recovery is derivative of Gloria Brown's, are premature and must be vacated. On remand, the court must reassess Gloria Brown's and Manistee Bank's entitlement to mediation sanctions on the basis of the redetermination of damages.

Affirmed in part, reversed in part, and remanded.

1. Insurance — Innocent-Coinsured Doctrine — Application.

> The innocent-coinsured doctrine applies to any real property conveyed to a couple as husband and wife, not just a marital home.

2. Insurance — Innocent-Coinsured Doctrine — Damage Caused by Insured.

> An innocent coinsured spouse may recover one-half the actual damages to insured real property which was conveyed to both spouses as husband and wife up to the policy limits even though the other insured spouse is not an innocent coinsured.

3. Insurance — Innocent-Coinsured Doctrine — Mortgages — Loss-Payable Clauses — Setoff.

> An insurer may set off monies paid to a mortgagee under a standard mortgage loss-payable clause against the recovery of an innocent coinsured for damages to the insured property.

*Fowler, Tuttle, Clark & Coleman* (by *David M. Clark*), for Henry and Gloria Brown.

*Denenberg, Tuffley, Bocan, Jamieson, Black, Hopkins & Ewald, P.C.* (by *William J. Ewald* and *Meigs M. Day*), for Frankenmuth Mutual Insurance Company.

*Gockerman, Wilson, Broberg & Saylor, P.C.* (by *Richard M. Wilson, Jr.*), for Manistee Bank & Trust Company.

Before: Neff, P.J., and Maher and Hood, JJ

Per Curiam. On February 23, 1985, a fire destroyed the business of plaintiffs Henry W. Brown and Gloria M. Brown, doing business as H. W. Brown Sales. Claims were made by the Browns against Frankenmuth Mutual Insurance Company and Federated Mutual Insurance Company. Both insurance companies denied coverage. Federated claimed that its policy had expired on January 25, 1985. Frankenmuth denied coverage claiming that

the Browns had either intentionally set the fire or at least were involved in having the fire set.

Four lawsuits were initiated as a result of the fire, involving the above-named parties, Manistee Bank and Trust Company, mortgagee of the property and loss-payee under the insurance policies, and Gerald Hamilton and Noreen Hamilton, land contract holders and insured mortgagees under the policies.

Following consolidation of the four suits, the case was ordered to mediation. The panel returned an award in favor of all plaintiffs and against Federated for $78,325 and against Frankenmuth for $156,650 for the damages to the building and other properties. The Hamiltons, Manistee Bank, and Federated accepted the mediation award; however, both the Browns and Frankenmuth tendered rejections.

The Hamiltons settled their claims, releasing their rights to Frankenmuth and receiving $82,000 as insured mortgagees under the policy issued by Frankenmuth to the Browns. Federated also settled and paid Henry Brown and Manistee Bank $40,000 in exchange for a full release and an acknowledgment by plaintiffs that its insurance policy expired before the date of the fire. Consequently, only the Browns' and Manistee Bank's claims against Frankenmuth proceeded to trial.

The jury returned a verdict in favor of Gloria Brown and Manistee Bank, but found that Henry Brown had intentionally set, or had consented to, or had knowledge of the setting of the fire. The jury found damages totaling $335,000 for the building, parts and inventory, general contents, and postfire theft losses. Pursuant to the court's instructions, the jury reduced the amount by half and awarded Gloria Brown and Manistee Bank $167,500.

The trial court ruled that Frankenmuth was entitled to offset this adjusted award by $37,500, half the amount of total damages awarded for the building, since Frankenmuth had already paid the Hamiltons under the policy. However, the trial court denied Frankenmuth's request for a $40,000 credit for Federated's settlement with plaintiff Henry Brown.

A final judgment of $166,713.42 was entered in favor of Gloria Brown and Manistee Bank, and a judgment of no cause of action was entered with respect to Henry Brown's claim against Frankenmuth. Gloria Brown and Manistee Bank were awarded reasonable attorney fees and costs against defendant Frankenmuth in the amounts of $30,000 and $15,000, respectively. Frankenmuth likewise was awarded reasonable attorney fees and costs against Henry Brown in the amount of $26,591.22.

From the entry of this final judgment, Frankenmuth appeals as of right and the Browns and Manistee Bank cross appeal. We affirm in part, reverse in part, and remand for further proceedings.

I

Frankenmuth argues on appeal that Gloria Brown is not entitled to recover because the innocent-coinsured doctrine is inapplicable to this case. Although Frankenmuth recognizes that in the marital-home context the innocent-coinsured doctrine permits recovery, it argues that the Browns' business is a partnership or corporation and thus precluded from benefitting from the application of the doctrine.[1] We disagree.

---

[1] Our review of the record has failed to disclose any evidence that H. W. Brown Sales was a valid Michigan corporation. Consequently,

Initially, we note that Frankenmuth did not argue that H. W. Brown Sales should be regarded as a partnership until the close of proofs when the jury instructions were being finalized. Plaintiffs argue that Frankenmuth failed to plead its claim of partnership as an affirmative defense and therefore the defense was waived.

MCR 2.111(F) addresses what defenses must be pled, and provides in part:

> (3) Affirmative Defenses. Affirmative defenses must be stated in a party's responsive pleading. Under a separate and distinct heading, a party must state the facts constituting
>
> *   *   *
>
> (b) a defense that by reason of other affirmative matter seeks to avoid the legal effect of or defeat the claim of the opposing party, in whole or in part;
>
> (c) a ground of defense that, if not raised in the pleading, would be likely to take the adverse party by surprise."

Frankenmuth's argument that H. W. Brown Sales is a partnership would have been required to have been pled in this case only if the existence of a partnership would defeat Gloria Brown's recovery under the innocent-coinsured doctrine. Absent its ability to defeat plaintiffs' claims in whole or in part, the "affirmative defense" of partnership was not required to be pled under MCR 2.111(F)(3)(b) or (c).

We are not persuaded by Frankenmuth's argument that H. W. Brown Sales should be treated as a partnership. Frankenmuth has relied on § 13 of the Uniform Partnership Act,[2] which provides:

we will only address Frankenmuth's argument that H. W. Brown Sales should be treated as a partnership.

[2] MCL 449.13; MSA 20.13.

> Where, by any wrongful act or omission of any partner acting in the ordinary course of the business or the partnership, or with the authority of his copartners, loss or injury is caused to any person, not being a partner in the partnership, or any penalty is incurred, the partnership is liable therefor to the same extent as the partner so acting or omitting to act.

Even were we to find that a partnership existed, Henry Brown's act of intentionally setting the fire cannot be considered an act in the ordinary course of the business of H. W. Brown Sales. See *Courts of the Phoenix v Charter Oak Fire Ins Co,* 560 F Supp 858 (ND Ill, 1983). Nevertheless, we have reviewed the record and conclude that Frankenmuth failed to meet its burden of proving the existence of a partnership. See *Miller v City Bank & Trust Co,* 82 Mich App 120; 266 NW2d 687 (1978); MCL 449.7; MSA 20.7.

Frankenmuth also argues that the innocent-coinsured doctrine is inapplicable since H. W. Brown Sales is a business and not a marital home. Frankenmuth acknowledges that had Henry Brown burned his home, his wife would be entitled to recover one-half the property damage up to the policy limits. See *Ramon v Farm Bureau Ins Co,* 184 Mich App 54; 457 NW2d 90 (1990); *Lewis v Homeowners Ins Co,* 172 Mich App 443; 432 NW2d 334 (1988).

The decisions in *Ramon* and *Lewis* were based in part on the ownership of property as tenants by the entireties and the harsh consequences that could historically arise from such ownership. Only a married couple can own property as tenants by the entireties, and, therefore, following the reasoning of *Ramon* and *Lewis,* we see no reason to limit the rule solely to the marital home. The underlying rationale of both cases applies equally to any

real property conveyed to a couple as husband and wife. Therefore, we hold that Gloria M. Brown is entitled to recover for property damage to H. W. Brown Sales under the innocent-coinsured doctrine.

II

Our decision requires us to address the extent of recovery to which Gloria Brown is entitled. The jury awarded a total of $335,000 in damages, specifically: $75,000 for the building, $250,000 for the parts and inventory, and $10,000 for the general contents.[3] The damages awarded for the parts and inventory and the general contents represented the policy limits, which were known to the jury.

On cross appeal the Browns and Manistee Bank argue that the trial court erred in instructing the jury that the parties had agreed that the damages to the parts and inventory and the general contents were limited to the policy limits, and that if only one of the Browns was entitled to recover, damages were limited to one-half of these amounts. Frankenmuth, however, contends that if Gloria Brown is entitled to recover, her damages were properly limited to one-half the policy limits.

We have reviewed the record in this regard and conclude that the jury was erroneously instructed.

Although the experts for both sides disputed the degree of damages to these items, they did agree that the amount exceeded the policy limits. That was the extent of the agreement. At no time did the parties agree that the damages equalled, or were confined to, the policy limits. At most the parties agreed that plaintiffs' ultimate recovery could not exceed the policy limits. The actual

---

[3] The jury did not award anything for the postfire theft losses.

extent of the damages and the amount recoverable under the policy may be two different sums.

We agree with *Ramon* and *Lewis* that the innocent coinsured spouse is entitled to recover one-half of the *actual* damages *up to* the policy limits. Therefore, it was error for the trial court to instruct the jury that if it found only one or both of the Browns entitled to recover the actual damages awarded could not exceed one-half the policy limits. Gloria Brown, being the only innocent spouse, was entitled to recover one-half of the actual damages up to the policy limits.

The expert testimony was not fully developed after reaching an agreement that damages to the parts and inventory and the general contents exceeded the policy limits. Therefore, we are unable to determine what amount the jury would have returned had it been properly instructed. Consequently, the issue of damages to the parts and inventory and the general contents only is remanded for further proceedings consistent with this opinion.

### III

Frankenmuth's second argument is that the trial court erred in limiting it to offsetting only $37,500 from Gloria Brown's recovery for monies paid to the Hamiltons as insured mortgagees. Frankenmuth contends it is entitled to offset the entire $75,000 awarded for the damage to the building against Gloria Brown's recovery. We agree.

The issue of the insurer's right to offset monies paid to a mortgagee under a standard mortgage loss-payable clause against the recovery of an innocent coinsured was squarely addressed by this Court in *Ramon, supra* at 66-67:

FHA was a named insured on the farmowner's policy which provided fire insurance coverage. The standard mortgage loss-payable clause gives the insurance proceeds to a mortgagee to the extent that they are equal to or less than the mortgage debt and accords priority to insuring the mortgage debt over the insured mortgagor's claim. *Gibson v Group Ins Co of Michigan,* 142 Mich App 271, 278; 369 NW2d 484 (1985); *Better Valu Homes, Inc v Preferred Mutual Ins Co,* 60 Mich App 315, 319; 230 NW2d 412 (1975). The insurer's payment of the existing mortgage balance satisfies its obligation to the mortgagee, while having no effect upon the insured's claim. However, the insured property owner has no claim to the portion of the insurance proceeds attributable to the unpaid balance of the mortgage and his claim for damage to the insured property is properly reduced by that amount. *Gibson, supra,* pp 278-279. Therefore, defendant was clearly entitled to set off the amount paid to FHA in satisfaction of the unpaid balance of the mortgage debt jointly and severally owed by plaintiffs. Regardless of the ultimate determination concerning plaintiffs' joint or individual entitlement to insurance proceeds, they may only collect any damage amount in excess of the mortgage balance within the policy limits.

Therefore, on remand, we instruct the trial court to offset the entire $75,000 awarded for damages to the building against Gloria Brown's recovery as the innocent coinsured spouse.

IV

Frankenmuth also contends that it should have been permitted to offset the $40,000 paid to Henry Brown by Federated against the recovery by Gloria Brown. Frankenmuth contends that because there was overlapping coverage, a setoff is necessary to prevent a double recovery by Gloria Brown. We find Frankenmuth's argument flawed in several respects.

Frankenmuth's policy was issued to both Henry Brown and Gloria Brown. However, the policy issued by Federated only named Henry Brown as an insured. Consequently, the settlement by Federated for $40,000 was only with Henry Brown. As part of the settlement agreement it was clearly acknowledged that Federated's policy was no longer effective at the time of the fire.

We note that Frankenmuth has correctly stated the law regarding overlapping insurance coverage; however, these rules are inapplicable to this case. Until its settlement with Henry Brown, Federated defended its denial of coverage on the basis of an expired policy. Frankenmuth did not prove that overlapping coverage existed because it failed to present any evidence that Federated's policy was in force at the time of the fire.

In conclusion, we hold that the trial court did not err in denying Frankenmuth's request to offset the $40,000 paid to Henry Brown by Federated against the jury verdict for Gloria Brown.

V

Frankenmuth's final argument challenges the award of mediation sanctions to Gloria Brown and Manistee Bank. The mediation panel returned a unanimous evaluation in favor of all plaintiffs and against Frankenmuth for a total of $156,650. Manistee Bank accepted this award; the Browns and defendant Frankenmuth tendered rejections. Upon entering final judgment, the trial court awarded Manistee Bank $15,000 and Gloria Brown $30,000 in reasonable attorney fees and costs against Frankenmuth. However, Frankenmuth was also awarded $26,591.22 in reasonable attorney fees and costs against Henry Brown. On appeal, Frankenmuth argues that the award in favor of Gloria

Brown and Manistee Bank was erroneous because they did not prevail in full. We disagree.[4]

The trial court imposed mediation sanctions pursuant to MCR 2.403, which provides in part:

> (O) Rejecting Party's Liability for Costs.
>
> (1) If a party has rejected an evaluation and the action proceeds to trial, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the mediation evaluation. However, if the opposing party has also rejected the evaluation, a party is entitled to costs only if the verdict is more favorable to that party than the mediation evaluation.
>
> * * *
>
> (4) In cases involving multiple parties, the following rules apply:
>
> (a) Except as provided in subrule (O)(4)(b), in determining whether the verdict is more favorable to a party than the mediation evaluation, the court shall consider only the amount of the evaluation and verdict as to the *particular pair of parties,* rather than the aggregate evaluation or verdict as to all parties. However, costs may not be imposed on a plaintiff who obtains an aggregate verdict more favorable to the plaintiff than the aggregate evaluation. [Emphasis added.]

Our decision to remand the issue of damages regarding the parts and inventory and the general contents requires us to modify the mediation award. However, because the jury returned a verdict of no cause of action against Henry Brown, we affirm the award of mediation sanctions against him and in favor of Frankenmuth.

We note that the trial court previously ruled

---

[4] We note that were we to accept defendant's merger argument, we might be inclined to reverse the award of attorney fees and costs in favor of defendant and against Henry Brown because Frankenmuth also did not "prevail in full."

that Manistee Bank's right to recovery was deriva-
tive of the Browns' right to recovery. Although we
affirm the liability aspect of the jury's verdict, and
thus Manistee Bank's right to recovery, we have
remanded the issue of property damages recover-
able by Gloria Brown. Consequently, the mediation
awards with respect to Gloria Brown and Manistee
Bank are premature and are vacated. *Shannon v
Taylor AMC/Jeep, Inc,* 168 Mich App 415, 421; 425
NW2d 165 (1988). Following the proceedings on
remand, the trial court shall reassess plaintiffs'
entitlement to mediation sanctions on the basis of
the redetermination of damages. Gloria Brown and
Manistee Bank, therefore, are entitled to renew
their request for mediation sanctions, if appropri-
ate, following the conclusion of the proceedings on
remand.

Affirmed in part, reversed in part, and re-
manded for proceedings consistent with this opin-
ion.