FRANKLIN LIFE INSURANCE CO. *v.* COMMISSIONER OF INSURANCE.

FEDERAL LIFE INSURANCE CO. *v.* SAME.

UNITED STATES ANNUITY & LIFE INSURANCE CO. *v.* SAME.

INSURANCE—FORM OF POLICY—STATUTES.

The commissioner of insurance will not be required by mandamus to approve insurance policies of the relators which include a clause that if any premium, note or portion thereof is not paid when due the policy shall be void, the provision being a material change from the requirements of Act No. 187, Pub. Acts 1907, as to the payment of the first premium in advance, and subsequent premiums within thirty days.

Mandamus by the Franklin Life Insurance Company, the Federal Life Insurance Company, and the United States Annuity & Life Insurance Company to compel James V. Barry, commissioner of insurance, to vacate an order disapproving certain policy forms. Submitted Jan-

uary 4, 1910. (Calendar Nos. 23,678, 23,679, 23,680.) Writ denied February 3, 1910.

*McAnulty & Allen, C. A. Atkinson,* and *Lucius Mc-Adam* (*Thomas, Cummins & Nichols,* of counsel), for relators.

*John E. Bird,* Attorney General (*Arthur P. Hicks,* of counsel), for respondent.

BLAIR, J.   In the above-entitled cases respondent, act- ing under the authority conferred upon him by section 4, Act No. 187, Pub. Acts 1907, disapproved of certain policy forms filed with him by relators, who seek the writ of mandamus to compel respondent to withdraw his dis- approval of such forms.

The ground upon which the commissioner disapproved of the policy forms was that the provision therein, "If any premium is not paid when due or if any note or part thereof is not paid when due, this policy shall be *ipso facto* null and void, and all premiums forfeited to the company, except as herein provided," was in conflict with the first and second subdivisions of section 1 of the act, providing for payment of premiums in advance and for one month's grace for such payments after the first year.   It is conceded by respondent that prior to the pas- sage of the act in question a policy containing the provis- ions under consideration would have been unobjectionable, and that the courts have so held.   Relators contend that the insertion in the policy by the command of the statute of the requirement of payment in advance, which was voluntarily included in the policies by universal custom previously, does not operate to render illegal the use of a note clause theretofore legal; that there is no express pro- hibition of the note clause in the statute and the court has no authority to supply such prohibition; that the provis- ions of the note clause are beneficial to the company and it may waive such benefits.

As we have heretofore held, "the requirement that cer-

tain provisions shall be and certain others shall not be incorporated in the policy requires us to say that no provisions should be inserted which have the effect of avoiding or nullifying the required provisions," and "no provision may rightfully be used which shall, with or without action of the policy holder, materially change or avoid the statute scheme of the contract." *Mutual Benefit Life Ins. Co.* v. *Commissioner of Insurance*, 151 Mich. 610 (115 N. W. 707). Prior to the enactment of the statute, it was optional with the parties what provisions the contract should contain upon the subject of payment. Since the passage of the act it has ceased to be optional with the parties, and authorities construing the contract independent of the statute are not conclusive. The provision, "all premiums shall be payable in advance," etc., is mandatory in form and in spirit, except as the next subdivision, providing for a month's grace after the first year expands its application, and, taken together, they require that payment of the first premium must be strictly in advance and of subsequent payments within 30 days. We are of the opinion that, as contended by respondent, the note clauses of the policy forms in question are inconsistent with the statutory requirement of payment in advance and materially change the scheme of the contract as outlined by the statutory requirements and prohibitions.

The question of waiver has no application to the case. The respondent's inquiry is limited to a consideration of the question whether the policy forms submitted are in compliance with the statute.

We think that respondent's rulings were correct, and the application for the writ is denied.

MONTGOMERY, C. J., and OSTRANDER, HOOKER, and STONE, JJ., concurred.