**Mary PONDER, Plaintiff and Counter–Defendant,**

v.

**ALLSTATE INSURANCE COMPANY, an Illinois Corporation, Defendant, Counter–Plaintiff and Third Party Plaintiff,**

v.

**David PONDER, Third Party Defendant and Third Party Counter–Plaintiff.**

**Civ. A. No. 88–CV–40432–FL.**

United States District Court,
E.D. Michigan, S.D.,
at Flint.

Jan. 17, 1990.

Michael H. Fabian, Farmington Hills, Mich., for plaintiff and counter-defendant.

Victoria E. Gilbert, Paul H. Johnson, Jr., Southfield, Mich., for defendant, counter-plaintiff and third party plaintiff.

Robert E. McCall, Milford, Mich., for third party defendant and third party counter-plaintiff.

MEMORANDUM OPINION
AND ORDER

NEWBLATT, District Judge.

Before the Court is plaintiff's Motion for Partial Summary Judgment. Plaintiff's motion is hereby GRANTED.

This lawsuit arises out of a fire loss occurring at 3918 Old Homestead, Howell,

Michigan in November of 1987. The property was owned by plaintiff Mary Ponder and her then-husband, now third party defendant/third party counter-plaintiff, David Ponder. Both Mary and David Ponder were listed as insureds on the fire insurance policy issued by defendant Allstate Insurance Company. Prior to the fire loss to the property, plaintiff and her children had moved out of the home, with plaintiff intending to file for divorce. At the time of the fire, David Ponder was the only resident of the insured property.

Defendant alleges as an affirmative defense that one of the insureds violated a clause of the policy and that no recovery can therefore be had under the policy. Defendant contends that David Ponder set fire to the home in violation of the exclusion entitled "Concealment and Fraud" in the homeowners policy. The exclusion provides that the "policy is void if *any* insured person intentionally conceals or misrepresents any material fact or circumstances, before or after a loss" (emphasis provided). Defendant argues that the clear language of the policy indicates that if either insured makes a misrepresentation (as, for example, to the cause of the fire), no recovery can be had by either insured under the policy.

Other circuits have held that public policy reinforces the outcome desired here by Allstate. In *Spezialetti v. Pacific Employers Insurance Company*, 759 F.2d 1139 (3d Cir.1985), the court ruled that where a homeowners policy barred recovery if "*any* insured" was the cause of the damage, all insureds on the policy and not just the arsonist were barred from recovery. In *Spezialetti* the court cited the Pennsylvania Standard Fire Policy which, like Michigan's standard policy, provides that if "*the* insured" conceals material facts the policy is void (emphasis provided). The court went on to note, however, that the phrase "the insured" was ambiguous where the persons covered by the policy have joint or adverse interests. Michigan case law, in contrast, is clear on the meaning of "the insured" in the state's mandatory provisions for a standard fire policy. *See infra.*

Other courts have issued similar interpretations of the phrase "any insured." None of the cases cited by defendant, however, indicate that the states in question have provisions similar to the Michigan standard fire policy fraud clause, as that clause is interpreted by Michigan courts. *Bryant v. Allstate Insurance Co.*, 592 F.Supp. 39 (E.D.Ky.1984); *Amick v. State Farm Fire & Casualty Co.*, 862 F.2d 704 (W.D.Mo.1988); *Sales v. State Farm Fire & Casualty Co.*, 849 F.2d 1383 (3d Cir. 1988).

The Michigan Standard Fire Policy provides a concealment/fraud clause that reads that the "policy shall be void if.... *the* insured has willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof ..." M.C.L.A. § 500.2832 (emphasis provided). This statutory policy provision has been interpreted by the Michigan courts to mean that the policy is void only as to the fraudulent insured party, and that innocent insureds may still recover. *Morgan v. Cincinnati Insurance Company*, 411 Mich. 267, 277, 307 N.W.2d 53 (1981); *Lewis v. Homeowners Insurance Company*, 172 Mich.App. 443, 432 N.W.2d 334 (1988).

The issue becomes whether the concealment/fraud provision in the insurance contract must be reformed, despite its lack of ambiguity, to conform with the fraud clause in the Michigan Standard Fire Policy at M.C.L.A. § 500.2832. The 1956 Insurance Code provides that:

> No policy or contract of fire insurance shall be made, issued or delivered by any insurer.... on any property in this state, unless it shall conform as to all provisions, stipulations, agreements and conditions [of the standard fire policy referred to in subpart 1 of this section].

Under circumstances involving auto insurance, the Michigan Court of Appeals has held that "liability insurance must be written in conformity with statutory requirements." *State Auto Mutual Insurance Co. v. Babcock*, 54 Mich.App. 194, 209, 220 N.W.2d 717 (1974). Michigan law

also provides that "mandatory statutory provisions are read into insurance contracts though they be omitted by the parties." *Wendel v. Swanberg*, 384 Mich. 468, 478, 185 N.W.2d 348 (1971); *Dasen v. Frankenmuth Mutual Insurance*, 39 Mich.App. 582, 584, 197 N.W.2d 835 (1972).

It is clear that neither the fraud clause in Allstate's policy nor the lack of coverage of innocent insureds which Allstate seeks to infer from its "any insured" language conform to the mandatory statutory policy as it is interpreted by Michigan courts. Since no fire policy may be issued that does not conform with the Michigan standard fire policy, and since the standard fraud provision has been interpreted to protect an innocent insured despite the alleged fraud of another insured, Allstate's policy shall be construed as protecting the innocent insured plaintiff in the suit at bar. It goes without saying, of course, that should it be shown that plaintiff herself committed fraud or concealment within the terms of the policy, the policy may be void as to her as well.

Defendant seeks a contrary holding based upon the approval of the insurance commissioner of the "any insured" language. This claim is disposed of by noting that the insurance commissioner cannot approve a policy provision that is contrary to the statute. The statute's required provision has been interpreted by the Supreme Court of Michigan in *Morgan*. Thus, a provision in the policy contrary to *Morgan* cannot be permitted to stand even if permission was granted by the Commissioner of Insurance as he has no right to alter the meaning and intention of the language of the Legislature as found by the Court.

For the foregoing reasons and those stated in plaintiff's brief, plaintiff's Motion for Summary Judgment on defendants first two affirmative defenses is hereby GRANTED.

SO ORDERED.