BORMAN v STATE FARM FIRE & CASUALTY COMPANY

Docket No. 142956. Submitted December 9, 1992, at Detroit. Decided March 15, 1993, at 9:45 A.M.

Dennis Borman, initially as the conservator for Lillian Roach and later as personal representative of her estate following her death, brought an action in the Van Buren Circuit Court against State Farm Fire & Casualty Company, seeking recovery under a standard fire insurance policy of personal property losses. Roach and Gary Borman were coinsureds under the policy, and it was not disputed that the insured dwelling was set on fire by Gary Borman or persons other than Roach who acted at Gary Borman's direction. The court, William C. Buhl, J., granted summary disposition for State Farm, ruling in part that the claim was barred by a policy provision that voids the policy if an insured causes or procures a loss. The plaintiff appealed.

The Court of Appeals *held:*

All fire insurance policies in Michigan must conform to MCL 500.2806 *et seq.*; MSA 24.12806 *et seq.* At the times pertinent to this case, MCL 500.2832; MSA 24.12832 provided that a policy would be deemed void in a case of fraud by an insured. Section 2832 precluded recovery by an insured actually guilty of intentional wrongdoing, but did not preclude recovery by an innocent coinsured. The policy in this case, when construed so as to be consistent with § 2832, provides coverage for the decedent.

Reversed and remanded.

INSURANCE — STANDARD FIRE POLICY — FRAUD.

A fraud committed by a person insured under a standard fire insurance policy bars only the claim of that person and not a claim by any other coinsured who is innocent of the fraud; a fire insurance policy that contains language that conflicts with the statutory standard fire insurance policy will be reformed so

REFERENCES

Am Jur 2d, Insurance §§ 26, 493.

Right of innocent insured to recover under fire policy covering property intentionally burned by another insured. 11 ALR4th 1228.

as to conform to the requirements of the standard fire insurance policy (MCL 500.2832; MSA 24.12832).

*Fabian, Rubin & Sklar, P.C.* (by *Stuart A. Sklar, Jo Robin Davis,* and *Michael H. Fabian*), for the plaintiff.

*Tolley, Fisher & Verwys, P.C.* (by *David L. Harrison*), for the defendant.

Before: SHEPHERD, P.J., and BRENNAN and L. P. BORRELLO,* JJ.

L. P. BORRELLO, J. Plaintiff, Dennis Borman, as personal representative of the estate of Lillian Roach, deceased, appeals as of right from a June 13, 1991, order of summary disposition for defendant, State Farm Fire and Casualty Company, granted pursuant to MCR 2.116(C)(10). We reverse the trial court's decision and remand for additional proceedings.

The facts of this case are not disputed. The personal property of plaintiff's decedent was destroyed by fire in December 1988 at her residence at 40739 80th Avenue in Decatur, Michigan. The residence was an adult foster care home; Roach passed away from unrelated natural causes. Gary Borman, Roach's grandson, was purchasing the home on land contract at the time, and procured a homeowner's insurance policy for the premises from defendant. The insurance policy included coverage for fire loss.

Plaintiff, initially as conservator of Roach's estate, brought a claim under the insurance policy to compensate for Roach's personal property that was destroyed in the fire. Defendant denied plaintiff's claim on grounds that the insurance policy ex-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

cluded coverage to "any" insured when another coinsured caused or procured the loss. The insurance policy provided, in pertinent part, as follows:

> 14. *Intentional Acts.* If you or any person insured under this policy causes or procures a loss to property covered under this policy for the purpose of obtaining insurance benefits, then this policy is void and we will not pay you or any other *insured* for this loss. [Emphasis in original.]

Defendant also denied plaintiff's claim on the basis of language in the insurance policy that excluded coverage when "any" insured intentionally concealed or misrepresented material facts, as follows:

> 2. *Concealment or Fraud.* This policy is void as to you and any other *insured,* if you or any other *insured* under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss. [Emphasis in original.]

The parties have stipulated that the fire was set or arranged to be set by Gary Borman or persons in privity with him.

The specific question in the instant appeal is whether the language in defendant's insurance policy prevents recovery by an innocent coinsured, notwithstanding the language of the standard fire policy outlined by the Legislature in MCL 500.2832; MSA 24.12832,[1] which provided in relevant part as follows:

---

[1] Although MCL 500.2832; MSA 24.12832 has been replaced by the provisions of MCL 500.2833; MSA 24.12833, the former version was in effect at all times relevant to this appeal. In any event, MCL 500.2833(2); MSA 24.12833(2) requires that coverage be maintained at former levels as follows:

> Except as otherwise provided in this act, each fire insurance policy issued or delivered in this state pursuant to subsection

This entire policy shall be void if, whether before or after a loss, *the insured* has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto. [MCL 500.2832; MSA 24.12832. Emphasis added.]

The trial court found that defendant could not deny plaintiff coverage on the basis of the fraud exclusion, citing *Morgan v Cincinnati Ins Co,* 411 Mich 267, 276; 307 NW2d 53 (1981), because the fraud of one insured cannot be imputed to another innocent insured. However, the trial court further held that defendant could properly deny plaintiff's claim on the basis of contractual language in the policy excluding coverage for intentional wrongs by "any" insured. The trial court cited *Allstate Ins Co v Freeman,* 432 Mich 656; 443 NW2d 734 (1989), in support of its opinion that the contractual language concerning "any" intentional wrong "do[es] not do violence to the statute."

On appeal, the trial court's grant of summary disposition will be reviewed de novo, because this Court must review the record to determine whether defendant would' have been entitled to judgment as a matter of law. *Adkins v Thomas Solvent Co,* 440 Mich 293, 302; 487 NW2d 715 (1992).

Plaintiff argues on appeal that the contractual language in defendant's policy that precludes recovery by "*any* insured" when there is intentional wrongdoing by another insured violates the legislative intent behind the standardized statutory policy, MCL 500.2832; MSA 24.12832. Plaintiff argues

(1) shall contain, at a minimum, the coverage provided in the standard fire policy under former section 2832. [MCL 500.2833(2); MSA 24.12833(2).]

that it was the intent of the Legislature, through the language in the statutory fire policy, MCL 500.2832; MSA 24.12832, that only *"the* insured" actually guilty of the intentional wrongdoing should be precluded from recovery.

We adopt plaintiff's reasoning, and hold that defendant's policy must not be construed to deny coverage to an innocent coinsured for the intentional wrongs of another insured.

Defendant argues that general contractual principles control this dispute. The Supreme Court in *Smart v New Hampshire Ins Co,* 428 Mich 236; 407 NW2d 362 (1987), determined whether parties to a fire insurance contract may alter the terms of the Michigan standard policy.[2] In that case, the plaintiff's fire insurance policy provided that the policy was effective at 12:01 A.M. The Michigan standard policy prescribes that a policy commences at "noon, Standard Time." In resolving the conflict between the term of the policy and that prescribed by the statute, the Court held that all fire insurance contracts within the state must conform with the Michigan standard policy, which provides that the coverage begins at noon, standard time.[3] The Court reiterated the well-estab-

---

[2] MCL 500.2832; MSA 24.12832.

[3] The Court's holding was based upon MCL 500.2806(2); MSA 24.12806(2), which stated in relevant part as follows:

No policy or contract of fire insurance shall be made, issued or delivered by any insurer or by any agent or representative thereof, on any property in this state, unless it shall conform as to all provisions, stipulations, agreements and conditions, with such form of policy.

MCL 500.2806; MSA 24.12806 has recently been amended to read as follows:

A policy or contract of fire insurance shall not be made, issued, or delivered by an insurer or by an agent or representative of an insurer, on any property in this state, unless it conforms to the provisions of this chapter.

lished rule that "insurance contracts are subject to statutory regulations and provisions of the statutes must be read into the contract." *Smart, supra* at 240, citing *Chrysler Corp v Hardwick,* 299 Mich 696, 700; 1 NW2d 43 (1941); see *Wendel v Swanberg,* 384 Mich 468, 478; 185 NW2d 348 (1971). The Court then proceeded to read into the insurance policy the effective time of noon, notwithstanding the 12:01 A.M. provision in the insurance contract.

In this case, defendant's fire insurance policy precludes recovery by "any insured" when another coinsured causes or procures the loss. The Michigan standard policy precludes recovery by "the insured." MCL 500.2832; MSA 24.12832. We find that the clause excluding "any" insured for coverage under defendant's policy must be reformed so as to deny coverage only to "the" particular insured guilty of the intentional wrongdoing.

The issue whether the wrongdoing of an insured can be imputed to a coinsured is governed by *Morgan v Cincinnati Ins Co, supra.* In that case, the plaintiff and her husband, as tenants by the entireties, owned a home that was insured by the defendant. The husband purposely set fire to the home, causing extensive damage. The defendant refused to pay the plaintiff, claiming the plaintiff and her husband owned inseparable interests in the property as tenants by the entireties. Therefore, the fraud of the plaintiff's husband was imputed to the plaintiff. Our Supreme Court held for the plaintiff, and applied MCL 500.2832; MSA 24.12832 to the language of the defendant's fire insurance policy. The *Morgan* Court concluded, stating on page 277:

> Henceforth whenever the statutory clause limiting the insurer's liability in case of fraud by the insured is used it will be read to bar only the

claim of an insured who has committed the fraud and will not be read to bar the claim of any insured under the policy who is innocent of fraud.

While strictly speaking the "intentional wrongs" exclusion in defendant's policy is distinct from the "fraud" exclusion, we find that the interests of the innocent insured should be protected in either case. *Lewis v Homeowners Ins Co,* 172 Mich App 443, 446-449; 432 NW2d 334 (1988).

Defendant relies on *Allstate Ins Co v Freeman, supra.* In that case, an insured husband sought defense by his insurer in what was essentially a tort action for negligent entrustment arising out of a shooting perpetrated by the insured wife. The insureds had procured a homeowner's policy that included third-party liability coverage. In *Freeman,* our Supreme Court held that the insurer did not have a duty to defend an innocent coinsured under a homeowner's policy that excluded coverage when there was damage resulting from "the intentional or criminal acts of *an* insured person." *Freeman, supra* at 692-695; emphasis added. The Supreme Court in *Freeman* interpreted that exclusionary clause to mean that an intentional act by "any" insured person precluded third-party liability coverage for any other insured.

However, we would distinguish *Freeman* from this case because *Freeman* did not involve a statutorily mandated fire insurance policy, but rather a nonstatutory homeowner's third-party liability claim. We believe, as the *Morgan* Court concluded, that the existence of a statutory standard insurance policy is a distinguishing factor. It is instructive that the Supreme Court in *Freeman* nowhere mentioned the *Morgan* case despite the detailed legal analysis in that scholarly opinion—giving credence to the view that the holding in *Freeman*

should be limited to cases that do not involve a statutory insurance policy.[4]

In a case where the statutorily mandated standard fire insurance policy is involved, we adopt the reasoning of those courts that have upheld an innocent coinsured's right of recovery despite the fraudulent acts or intentional wrongdoing of another insured. See, e.g., *Morgan, supra,* and *Ponder v Allstate Ins Co,* 729 F Supp 60, 62 (ED Mich, 1990). Also in accord, see *Lewis v Homeowners Ins Co, supra,* and *Darnell v Auto-Owners Ins Co,* 142 Mich App 1, 10-11; 369 NW2d 243 (1985).

We note that it appears that our decision creates a new rule of law pursuant to Administrative Orders Nos. 1990-6, 436 Mich lxxxiv, and 1991-11, 439 Mich cxliv.

Reversed and remanded for further proceedings consistent with this opinion.

[4] We note that defendant has urged this Court to follow the reasoning in *Kuzyk v State Farm Fire & Casualty Co,* unpublished opinion per curiam of the Court of Appeals, decided June 26, 1991 (Docket No. 127542). However, because the panel therein primarily relied upon *Allstate Ins Co v Freeman,* 432 Mich 656; 443 NW2d 734 (1989), in support of its conclusion, we decline to follow the reasoning in *Kuzyk.*