BRUCE v CUNA MUTUAL INSURANCE SOCIETY

Docket No. 179272. Submitted June 6, 1996, at Grand Rapids. Decided September 20, 1996, at 9:05 A.M. Leave to appeal sought.

Judy L. Bruce brought an action in the Oscoda Circuit Court against CUNA Mutual Insurance Society, seeking benefits as the beneficiary of a life insurance policy following the death of the insured, Michael H. McDowell, as a result of a high blood alcohol level. The defendant had denied the plaintiff's request for benefits on the basis of the insurance policy exclusions regarding intentionally self-inflicted injury and voluntary use of any drug, medicine, or sedative, except as prescribed by a physician. The court, J. Richard Ernst, J., granted summary disposition for the plaintiff. The defendant appealed.

The Court of Appeals *held*:

1. Absent contractual language establishing either an objective standard or otherwise defining "accidental" for purposes of insurance policy exclusions for intentional acts, the accidental nature of an event must be evaluated from the injured person's perspective. Here it appears that, from the decedent's subjective perspective, even if the decedent intended to become intoxicated, he did not intend to injure himself.

2. The trial court properly found that the defendant's broad definition of "injury" created an ambiguity that had to be resolved against the insurer in favor of coverage.

3. A finding of coverage was also proper under the rules of reasonable expectation because a reading of the policy would lead a reasonable person to expect that there would be coverage in the event of an accidental death from alcohol poisoning.

Affirmed.

1. INSURANCE — EXCLUSIONS — INTENTIONAL ACTS — WORDS AND PHRASES — "ACCIDENTAL."

The accidental nature of an injury-causing event must be evaluated from the injured person's perspective in determining the applicability of an insurance policy exclusion for intentional acts where there is no contractual language establishing either an objective standard or otherwise defining the term "accidental."

2. Insurance — Contracts — Reasonable Expectations.

  The rules of reasonable expectation require a finding that life insur-
  ance coverage exists where a reading of the insurance contract
  would lead a reasonable person to expect that there would be
  coverage.

*Donald E. Cline, Jr.*, for the plaintiff.

*Menmuir, Zimmerman, Kuhn, Stephen, Anderson & Taylor* (by *Dennis K. Taylor* and *R. Edward Kuhn*), for the defendant.

Before: O'CONNELL, P.J., and SAWYER and G. R. COR-
SIGLIA,* JJ.

SAWYER, J. Defendant appeals from the trial court's
order granting summary disposition to plaintiff and
entering a judgment in the amount of $161,000 plus
costs and interest pursuant to an accidental death
insurance policy issued by defendant. We affirm.

The facts before us are largely undisputed. This
case involves a suit on an accidental death insurance
policy in which plaintiff's decedent, Michael H.
McDowell, died of alcohol poisoning on October 2,
1992. A friend who was with the decedent on the
night of his death stated that he and several other
friends picked up the decedent and drove him to a
store where he purchased two cases of beer. Appar-
ently, the decedent was fairly intoxicated when he
was picked up. By the time they arrived at a house
for a party, the decedent had fallen asleep in the car.
Subsequently, the decedent collapsed after he stum-
bled out of the car and later died. An autopsy was
performed and it was determined that the cause of
death was the decedent's high blood alcohol level,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

which indicated that his blood alcohol content was 0.40 percent at the time of death.

Subsequently, plaintiff contacted defendant, which denied plaintiff benefits as a beneficiary of the insurance policy. In a letter dated, December 10, 1992, defendant based the denial on the following exclusion:

> 8. voluntary use of any drug, medicine, or sedative, except as prescribed by a physician.

Thereafter, plaintiff again requested benefits in a letter that enclosed an amended certificate of death issued on April 26, 1993, which indicated that McDowell's death was accidental. In June 1993, defendant again denied plaintiff benefits under the policy, citing the following exclusions:

> 2. intentionally self-inflicted injury; or

> \*       \*       \*

> 8. voluntary use of any drug, medicine, or sedative, except as prescribed by a physician.

Defendant argues that the court erred and that recovery is precluded because the decedent knowingly ingested a large quantity of alcohol that he knew would make him sick, even if he did not believe that it would cause his death. It further argues that the exclusion for intentional injury is not ambiguous and applies in this case because the decedent knew his intoxication would cause injury even though he did not intend or expect death to result. We review a grant of summary disposition de novo, *Michigan Mutual Ins Co v Dowell*, 204 Mich App 81, 85-86; 514 NW2d 185 (1994), and review the record in the same

manner as the trial court to determine whether the movant was entitled to judgment as a matter of law, *Borman v State Farm Fire & Casualty Co*, 198 Mich App 675, 678; 499 NW2d 419 (1993), aff'd 446 Mich 482; 521 NW2d 266 (1994).

In its most recent opinions on the subject of insurance policy exclusions for intentional acts, the Michigan Supreme Court has held that, absent contractual language establishing either an objective standard or otherwise defining "accidental," the accidental nature of the event must be evaluated from the injured person's perspective. *Auto Club Group Ins Co v Marzonie*, 447 Mich 624; 527 NW2d 760 (1994); *Buczkowski v Allstate Ins Co*, 447 Mich 669; 526 NW2d 589 (1994). In the instant case, the trial court noted:

> There is little question that he intended to imbibe alcoholic beverage. Whether he intended to become intoxicated is problematic. Indeed, whether he intended to become intoxicated would not in this Court's opinion equate with an intentional self-inflicted injury.

Thus, from the decedent's subjective perspective, it appears that even if he intended to become intoxicated, he did not intend to injure himself.

Defendant construes the term "injury" quite broadly, arguing that the decedent injured himself by becoming intoxicated because he was making himself ill and disabling himself from carrying on normal activities. Even accepting defendant's definition of "injury" for the sake of argument, there is nothing in the record to indicate that the decedent intentionally set out to get sick or suffer nausea by drinking to excess and thus no apparent question of fact exists on the record before us.

We further note that the trial court properly found that the broad definition of "injury" created an ambiguity that must be resolved against the insurer in favor of coverage. *Marzonie, supra.* As the trial court observed, "If the insurer wishes to exclude loss resulting from the use of alcoholic beverage or the excessive use of alcoholic beverage, the Defendant is in a position to clearly state that as an exclusion."

Finally, we note that coverage should also be granted under the rules of reasonable expectation, because a reading of the contract would lead a reasonable person to expect that there would be coverage in the event of an accidental death from alcohol poisoning. *Powers v DAIIE*, 427 Mich 602; 398 NW2d 411 (1986). We therefore conclude that the trial court properly granted plaintiff's motion for summary disposition and did not err in entering a judgment for plaintiff.

Affirmed.